UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CHRISTOPHER TIMOTHY COVINGTON, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) ) |
| BLAIR LEIBACH, Warden, | ) ) |
| Respondent. | ) |

No. 2:17-CV-09-JRG-MCLC

## MEMORANDUM AND ORDER

Acting pro se, Christopher Timothy Covington ("Petitioner") filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the Middle District of Tennessee [Doc. 1]. Petitioner paid the filing fee, and the district court transferred the petition to this Court, based on venue [Docs. 6-7]. The Court now must examine the petition to determine whether it should be dismissed or answered by Respondent. *See* Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts. The Clerk is **DIRECTED** to serve copies of the petition and this Memorandum and Order upon Respondent and the Attorney General for The State of Tennessee. However, Respondent will not be ordered to answer because the exhaustion rule calls for its sua sponte dismissal.

Petitioner, who is in the custody of the Tennessee Department of Correction ("TDOC"), asserts that the Hawkins County Criminal Court set a six-year total sentence for multiple convictions, that his Tomis Offender Sentence letter does not reflect his pretrial jail credits, behavior credits and program credits, that, if his sentence were correctly recalculated to include these credits, his sentence has "completely expired," and that he is "now being held illegally"

[Doc. 1 p.6]. Petitioner maintains that his true and final expiration date is June, 9, 2017 and that he is entitled to at least 180 behavior credits, 156 program credits, and 248 pretrial jail and other credits [*Id*. at 6, 20].

A habeas corpus action will lie where a prisoner claims that he has been denied sentencing credits he has earned under a state's sentencing reduction programs and requests receipt of those credits. *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001). However, habeas corpus relief will not be granted unless a petitioner has exhausted his available state court remedies, or available state corrective process is lacking, or resort to such process would be useless. 28 U.S.C § 2254(b)(1). The exhaustion rule requires *total* exhaustion of state remedies, *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (stating that "a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief), meaning that a petitioner must have fairly presented each claim for disposition to all levels of appropriate state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999).

A petitioner has not "exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see Rose*, 455 U.S. at 518-19 ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A prisoner in the custody of TDOC whose sentence is final may seek sentence reduction credits from TDOC through the Uniform Administrative Procedures Act, *see* Tenn. Code Ann. § 4-5-101-324; *State v. Mullican*, No. M2000-207-CCA-R3-CD, 2000 WL 1278170, at *1 (Tenn.

2

Crim. App. Sept. 8, 2000) (citing *State v. Henry*, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997)); and if dissatisfied with the result, he may seek review of that decision in the Chancery Court of Davidson County. *See* Tenn. Code Ann. § 4-5-322(b)(1). If he is unable to obtain relief in the state chancery court, he may request a declaratory judgment on appeal. *See Bonner v. Tenn. Dep't of Corr.*, 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001) (observing that a petitioner must satisfy certain procedural prerequisites "to filing a petition for declaratory judgment with the court").

Here, Petitioner contends (and has filed the paperwork to show) that he has made diligent and numerous, though ultimately unsuccessful, efforts "to rectify this situation through inter-institutional remedies and through TDOC's sentence management" [Doc. 1 p.6]. Despite Petitioner's attempts to resolve this issue, the record does not disclose that he submitted a petition for a declaratory order to TDOC; that the petition was denied; that he then pursued review of the denial of the declaratory order to the Davidson County Chancery Court; that he was unsuccessful in the state court of equity; and that he, thereafter, sought a declaratory judgment in the Tennessee Court of Appeals.

Accordingly, since Petitioner has failed to bear his burden of showing exhaustion of such state remedies as may be available with respect to his claims, *Rust*, 17 F.3d at 160, he may not pursue the sentencing claims, at the present time, in this federal habeas corpus action.

The Court must now consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. After reviewing the claim under the appropriate standards in *Slack v. McDaniel*, 529 U.S. 473 (2000), the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of the procedural ruling with regard to exhaustion, nor would

they find debatable or wrong the Court's conclusion that exhaustion has not been shown. *See id.*; *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith. Hence, should Petitioner file a notice of appeal, he is **DENIED** leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
